# Order

Michigan Supreme Court
Lansing, Michigan

October 7, 2005

127057

GARY PITSCH,
        Plaintiff-Appellant,

v

DANIEL M. BLANDFORD,
        Defendant-Appellee.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 127057
COA: 248337
Kent CC: 01-011737-NM

On order of the Court, the application for leave to appeal the August 10, 2004 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the Court of Appeals judgment, REINSTATE plaintiff's cause of action, and REMAND this case to the Kent Circuit Court for further proceedings. Inasmuch as defendant could have waived his statute of limitations affirmative defense, MCR 2.111(F)(3), it does not appear to offend any established public policy for defendant to take a less drastic step of tolling a statute of limitations by agreement. See *Rory v Continental Insurance Co*, 473 Mich 457, 470-471 (2005). The parties' unambiguous agreement to toll the statute of limitations is to be enforced as written. The Court of Appeals independent assessment of the "reasonableness" of the parties' tolling agreement was unwarranted. *Id*. at 470. Because defendant was not entitled to judgment as a matter of law, we also VACATE the award of attorney fees.

We do not retain jurisdiction.

CAVANAGH, J., states as follows:

I would reverse the Court of Appeals judgment, reinstate plaintiff's cause of action, and remand this case to the Kent Circuit Court for further proceedings without the further statement found in the majority's order.

KELLY, J., joins the statement of CAVANAGH, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 7, 2005

_____
Clerk

t1003